UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-cv-2-R

KIMBERLY SHOFNER,
PLAINTIFF

v.

MID-AMERICA HARBORSIDE
HEALTHCARE, et. al.,                                                                          DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the Plaintiff's Motion to Remand to State Court (Docket #11). No response has been filed by the Defendants, and therefore, this matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Remand is **GRANTED**.

**PROCEDURAL HISTORY**

The Plaintiff, Kimberly Shofner ("Shofner"), initially filed this case in Jefferson County Circuit Court on December 13, 2006. The complaint alleges violations of the Kentucky Civil Rights Act, KRS §344.040. The Defendant, Mid-America Harborside Healthcare, ("Harborside") removed this matter to this Court on January 3, 2007. On January 8, 2007, Shofner filed this motion to remand the case back to Jefferson Circuit Court, stipulating that her claim for damages will not meet the minimum jurisdictional threshold of $75,000.00 to establish diversity jurisdiction pursuant to 28 U.S.C. §1332.

**STANDARD**

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the

amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers*, 230 F.3d at 871. "[A] post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Id.* at 872 (emphasis added).

## DISCUSSION

In *Egan v. Premier Scales & System*, the United States District Court for the Western District of Kentucky, in an opinion by Chief Judge John Heyburn, the Court addressed a similar issue to the instant case. *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 776-77 (W.D. Ky. 2002). In *Egan*, the Court reviewed whether a plaintiff, through a motion to remand, could stipulate a claim less than the federal jurisdictional amount after the case had been removed to federal court. *Egan* at 776. In recognizing that *Rogers* precluded the plaintiff from reducing or changing his/her demand by stipulation for the purpose of avoiding federal jurisdiction, the Court distinguished *Rogers* by holding that the plaintiff could *clarify* the amount in controversy if the plaintiff provides specific information about the amount in controversy for the first time. *Id.* at 777-78. The Court also noted that generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to jurisdiction. *Id.* at 778; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Similarly, in the United States District Court for the Eastern District of Kentucky case of *Fenger v. Idexx Laboratories, Inc.*, the Court emphasized that the defendant removing a case has

the burden of establishing diversity and that federal courts should strictly construe any removal ambiguities against federal jurisdiction. *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601, 602 (E.D. Ky. 2002); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).  As in the instant case, the plaintiff in *Fenger* moved to remand his case, which only involved state law claims, back to state court after the defendant had successfully removed the case to federal court. *Fenger* at 602.  The Court reasoned that "[a]s a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint," the defendant had removed the case based on speculation, and therefore, the plaintiff could stipulate the amount in controversy in order to determine whether the parties had diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 603-604; *see* Kentucky Rule of Civil Procedure 8.01(2).  The Court looked at an affidavit submitted by the plaintiff that indicated he sought only $54,000 in damages, and in determining that the case should be remanded to state court, held that post removal stipulations do not offend removal rules if the stipulations help to clarify the amount in controversy for jurisdictional purposes. *Id.* at 604; *Rogers* at 872.

      In the instant matter, similar to *Fenger*, Shofner is not attempting to change or reduce the amount in controversy set forth in the initial complaint filed in Jefferson Circuit Court. Harborside removed the case to this Court based on a speculation that the amount in controversy would exceed $75,000 in order to satisfy the requirements of 28 U.S.C. § 1332.  In looking at the Plaintiff's complaint, it does not state that it seeks a set amount in damages; however, since the removal, the Plaintiff has clarified through her motion that she does not seek more than $75,000. The Court may consider this stipulation in reaching its determination. *Fenger* at 603-04.  In

3

abiding by Supreme Court and Sixth Circuit precedent that requires courts to resolve ambiguities concerning federal jurisdiction in favor of the state courts, the Court finds that the Defendant has not met its burden of establishing diversity jurisdiction in this matter.  Accordingly, the amount in controversy in this case does not exceed $75,000.00.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Remand is **GRANTED**.  The case shall be **REMANDED** to the Jefferson Circuit Court, in Jefferson County, Kentucky, for all further proceedings in accordance with this opinion and order.